UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JOSE OLIVA | Case No.: |
| Plaintiff, | |
| v. | |
| FL HARBOUR WALK, LLC, and STRATEGIC OUTSOURCING GROUP, INC. | |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jose Oliva, by and through the undersigned counsel, hereby files this Complaint against the above named Defendants, FL HARBOUR WALK, LLC. and STRATEGIC OUTSOURCING GROUP, LLC.

## NATURE OF THE CASE

1.      This is an action brought by Plaintiff Jose Oliva, (hereafter "Plaintiff") against his former employers, Defendants FL HARBOUR WALK, LLC and STRATEGIC OURSOURCING GROUP, LLC (hereafter referred to as "Defendants") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

2.      During the term of Plaintiff's employment Defendants had a practice of:

A.      Not keeping accurate records of the hours worked by Plaintiff, requiring Plaintiff to fill in time sheets in such a manner so as to avoid

reflecting all overtime hours worked, which time sheets were created all at once, bi-weekly, instead of daily;

B.      Not paying Plaintiff for all overtime hours worked;

C.      Paying Plaintiff for overtime hours with comp-time, in weeks other than when the overtime was incurred, which is deemed no payment at all per the FLSA.

D.      Consequently, Defendants were not fully compensating Plaintiff for all hours worked by Plaintiff in excess of forty (40) hours in a workweek at 1.5 times Plaintiff's regular rate of pay, as required by the FLSA.

3.      Additionally, Plaintiff was terminated in violation of 29 USC § 215(a)(3), for opposing Defendant's FLSA violations and repeatedly demanding that he be paid according to the FLSA when working overtime hours.

4.      Additionally, or in the alternative, Plaintiff was terminated from his employment at Harbour Walk, LLC ("Harbour Walk"), in violation of §448.102(3) of Florida Statutes, for opposing maintenance practices at the Harbour Walk apartment complex he worked in, which practices constituted County Code violations.

## **JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This court also has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 USC §1367(a), because such claim

arises from the same nucleus of operative facts as and is sufficiently related to Plaintiff's federal claims so as to consitute part of the same case and controversy under Article III of the US Constitution.

6.  Venue is proper in the Tampa Division of the Middle District of Florida under Local Rule 1.02. Hillsborough County has the greatest nexus with the cause because it is the place where Plaintiff provided services and Defendants conducted business.

## PARTIES

7.  Plaintiff, a resident of Hillsborough County, was a former employee of Defendants who worked at Harbour Walk Apartments. Harbour Walk Apartments is a fictitious name under which Defendant FL HARBOUR WALK, LLC conducts business. Harbour Walk Apartments is an apartment complex owned and operated by Defendant FL HARBOUR WALK, LLC, located at 8302 Crystal Harbor Dr., Tampa FL 33615.

8.  Upon information and belief, Defendant FL HARBOUR WALK, LLC is a for-profit, foreign limited liability company authorized to do business in the State of Florida, with its principal place of business in Florida, which is in the business of renting and managing residential apartment complexes, including a residential apartment complex located at 8302 Crystal Harbor Dr., Tampa FL 33615, known as "Harbour Walk Apartments."

9.  Defendant STRATEGIC OUTSOURCING GROUP, INC. is a foreign, for-profit corporation organized and existing under and by virtue of the laws of

the State of California, with its principal place of business in California, which is authorized to do business in the State of Florida and which does business in the State of Florida.

10. Upon information and belief sufficient to form a good-faith averment, STRATEGIC OUTSOURCING GROUP, INC. is a professional employment organization (PEO) and Plaintiff's co-employer, which paid Plaintiff's wages, processed Plaintiff's payroll checks, handled all aspects of human resources, progressive discipline, benefits, workers' compensation and other insurance pertaining to Plaintiff's work for Defendant FL HARBOUR WALK, LLC.

11. Plaintiff worked during the years 2015 and 2016, as a Maintenance Technician for FL HARBOUR WALK, LLC, providing maintenance and repairs at Harbour Walk Apartments, located at 8302 Crystal Harbor Dr., Tampa FL 33615 (hereafter, "Harbour Walk.").

## COVERAGE

12. Defendants FL HARBOUR WALK, LLC and STRATEGIC OUTSOURCING GROUP, INC. are enterprises engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

13. Upon information and belief, FL HARBOUR WALK, LLC's and STRATEGIC OUTSOURCING GROUP, INC.'s annual gross volume of sales exceeded $500,000 per year at all relevant times.

14.    Defendants FL HARBOUR WALK, LLC and STRATEGIC OUTSOURCING GROUP, INC. were employers within the definition of the FLSA, 29 U.S.C. § 203.

15.    During the term of his employment, Plaintiff was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206.

16.    The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendants.

17.    Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. § § 207 and 206.

## FACTUAL BACKGROUND

18.    Plaintiff Jose  Oliva was employed by Defendants.

19.    Plaintiff held a Maintenance Technician position at the time of separation and during the term of his employment.

20.    Plaintiff's duties included maintenance work and repairs.

21.    Plaintiff, however, was not allowed to determine the manner in which maintenance and repair issues were fixed at Harbour Walk Apartments, and was not provided the necessary materials, equipment or other resources needed to satisfactorily, adequately or entirely fix these issues.

22.    Such maintenance and repair issues often constituted Code violations, and threatened the life, health safety or general welfare of residents at Harbour

Walk.  When Plaintiff became aware of this, he brought it to the attention of the Maintenance Supervisor and/or Harbour Walk Management.

23.   However, instead of being allowed to adequately and properly fix these issues, and instead of being provided the resources to do so, Plaintiff was consistently and repeatedly required to provide "patches" and temporary fixes, which did not properly fix the problem (unless and until Code Enforcement was made aware of such violations, in which case Harbour Walk had no choice but to fix them). Plaintiff opposed this illegal practice, and made known such opposition to the Maintenance Supervisor and/or Harbour Walk Management. Such opposition resulted in the termination of Plaintiff's employment at Harbour Walk Apartments.

24.   At the time of the drafting of this Complaint in April of 2017, a search of the Hillsborough County Code Enforcement page revealed, for Harbour Walk Apartments, at 8302 Cyrstal Harbour Drive, in Tampa Florida:

   A.   At least 13 Code Enforcement cases reported during the years 2015 and 2016.  (See Exhibit A to this Complaint, Cases CE15013698 through CE16011800).

   B.   Of these 13 cases, twelve involved a finding of Code Violations, i.e., all except Case No. CE-16-001504.

   C.   A sampling of just 9 of these 13 cases, whose dates range from September 2015 to November 2016 (attached herein as Compound

Exhibit B), revealed a finding of approximately 41 Code violations at

Harbour Walk, including, but not limited to, the following:

   i.  Electrical Wiring.  (Case No. CE-15-013698).

  ii.  Ground Fault Circuit Interrupter. (Case No. CE-15-013698).

 iii.  Infestation.  (Case No. CE-15-013698).

 iv.  Interior Floors.  (Case No. CE-15-013698).

  v.  Interior Surfaces.  (Case No. CE-15-013698).

 vi.  Ceilings. (Case No. CE-15-016800).

 vii.  Interior Surfaces. (Case No. CE-15-016800).

viii.  Plumbing Fixtures. (Case No. CE-15-016800).

 ix.  Sink Base/Cabinets. (Case No. CE-15-016800).

  x.  Ceilings.  (Case No. CE-16-000539).

 xi.  Interior floors. (Case No. CE-16-000539).

 xii.  Interior Surfaces. (Case No. CE-16-000539).

xiii.  Ceilings. (Case No. CE-16-011912).

xiv.  Interior Floors. (Case No. CE-16-011912).

 xv.  Interior Surfaces. (Case No. CE-16-011912).

xvi.  Sink base/cabinets. (Case No. CE-16-011912).

xvii.  Electrical wiring.  (Case No. CE-16-013868).

xviii.  Interior floors.  (Case No. CE-16-013868).

xix.  Windows and Exterior Doors. (Case No. CE-16-013868).

 xx.  Interior Doors.  (Case No. CE-16-015803).

xxi.   Infestation.  (Case No. CE-16-015803).

xxii.   Interior floors. (Case No. CE-16-015803).

xxiii.   Interior surfaces. (Case No. CE-16-015803).

xxiv.   Plumbing lines.  (Case No. CE-16-015803).

xxv.   Ceilings.  (Case No. CE-16-016508).

xxvi.   Interior surfaces. (Case No. CE-16-016508).

xxvii.   Sink base/Cabinets. (Case No. CE-16-016508).

xxviii.   AC inoperative. (Case No. CE-16-011184).

xxix.   Ground fault circuit interrupter. (Case No. CE-16-011184).

xxx.   Interior floors. (Case No. CE-16-011184).

xxxi.   Interior surfaces. (Case No. CE-16-011184).

xxxii.   Sewage/cleanout cap missing. (Case No. CE-16-011184).

xxxiii.   Smoke detectors. (Case No. CE-16-011184).

xxxiv.   Windows and exterior doors. (Case No. CE-16-011184).

xxxv.   Dishwasher. (Case No. CE-16-000434).

xxxvi.   Infestation. (Case No. CE-16-011184).

xxxvii.   Sanitary conditions. (Case No. CE-16-011184).

xxxviii.   Sink base/cabinets. (Case No. CE-16-011184).

xxxix.   Smoke detectors. (Case No. CE-16-011184).

xl.   Pool barrier gates. (Case No. CE-16-011800).

xli.   Pool unsecured. (Case No. CE-16-011800).

(See Defendant's Compound Exhibit B).

25. Plaintiff was an hourly employee.

26. Plaintiff's last hourly rate was $14.00 per hour.

27. During his employment with Defendant, Plaintiff was classified as non-exempt.

28. Plaintiff did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

29. During the period covered by his employment, Plaintiff worked in excess of forty (40) hours in a workweek and was not compensated at the statutory rate of one and one-half times his regular rate of pay for all such hours.

30. Additionally, during the term of Plaintiff's employment Defendants had a practice of:

    A.    Not keeping accurate records of the hours worked by Plaintiff, requiring Plaintiff to fill in time sheets in such a manner so as to avoid reflecting all overtime hours worked, which time sheets were created all at once, bi-weekly, instead of being created daily;

    B.    Not paying Plaintiff for all overtime hours worked, usually incurred when Plaintiff was on call, and

    C.    Requiring that Plaintiff accept comp time in lieu of payment of overtime hours, in weeks subsequent to when the work was performed, which constitutes no payment at all under the FLSA.

31.    Consequently, Defendants were not fully compensating Plaintiff for all hours in excess of forty in a workweek at 1.5 times Plaintiff's regular rate of pay, as required by the FLSA.

32.    Due to the above, Defendants were aware that Plaintiff was working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

33.    Defendants' actions were therefore willful or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

34.    Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendants' custody and control, pursuant to 29 C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is at issue.

35.    During his employment, Plaintiff demanded the payment of all his overtime hours and was either denied such payment, or repeatedly told that he had to accept "comp time" in weeks subsequent to when the work was performed, in lieu thereof.

36.    Plaintiff opposed, objected to and complained to his employer about Defendant's illegal payroll practices, which were in violation of the FLSA. Plaintiff was terminated in violation of 29 USC § 215(a)(3), in a retaliatory manner, for opposing such practices.

37.    Plaintiff was also illegally terminated from his employment at Harbour Walk, in violation of §448.102(3) of Florida Statutes, for opposing Defendant FL

HARBOUR WALK LLC's Code Violations at Harbour Walk and its illegal maintenance and repair practice of not properly fixing such Code violations unless and until these were reported, identified and cited by Code Enforcement.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA**
**AGAINST BOTH DEFENDANTS**

38.   Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 37 above.

39.   Defendants failed to pay Plaintiff properly for all hours worked in excess of forty (40)  hours in a workweek in compliance with the FLSA.

40.   Plaintiffs is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

41.   As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to damages (wages), liquidated damages, pre-judgement interest, attorney's fees, and costs.

WHEREFORE, Plaintiff respectfully requests judgment against both Defendants, and the following damages:

    a.   Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

    b.   Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

    c.   Pre-judgment interest;

    d.   Attorney's fees and costs as provided by 29 U.S.C. § 216(b); and

e. Any further relief the Court deems just and appropriate.

## COUNT II
## FLSA RETALIATION AGAINST FL HARBOUR WALK, LLC

42.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 41 above.

43.     Pursuant to 29 U.S.C. § 215 it shall be unlawful, "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. §215(a)(3).

44.     Defendants discharged and/or discriminated against Plaintiff for voicing his concerns regarding the payment of overtime and objecting to and opposing the practices described above.  His expressions were made at work.

45.     Defendant FL HARBOUR WALK LLC, owes Plaintiff damages associated with the retaliation, including reinstatement (or front pay in lieu thereof), lost wages, and an additional equal amount as liquidated damages, attorney fees, and costs.

WHEREFORE, Plaintiff respectfully requests judgment against FL HARBOUR WALK, LLC, and damages pursuant to 29 U.S.C. § 216(b), including without limitation, reinstatement, back pay, front pay, an additional equal amount as liquidated damages, pre-judgment interest and reasonable attorneys' fees and costs required for the prosecution of this action.

## COUNT III
## VIOLATION OF FLORIDA'S PRIVATE WHISTLEBLOWER ACT,
## FLORIDA STATUTES § 448.102 AGAINST FL HARBOUR WALK, LLC

46.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 45 above.

47.     Plaintiff is a person who performs services for and under the control and direction of Defendants for wages or other remuneration, pursuant to Florida Statutes § 448.101 (2).

48.     Defendant FL HARBOUR WALK, LLC IS a firm, partnership, institution, corporation, or association that employs ten or more persons, pursuant to Florida Statues § 448.101 (3).

49.     Plaintiff was terminated from his job with Defendants.

50.     Prior to his termination, Plaintiff objected to and opposed certain activities, policies, or practices of FL HARBOUR WALK, LLC which Plaintiff reasonably believed were, and which in fact were, violations of law, rule or regulation, to wit, Code violations and the maintenance practice of FL HARBOUR WALK, LLC of not adequately fixing such code violations, despite being aware of them, until these were reported to, identified and cited by, Code Enforcement. Plaintiff also opposed, objected to and complained to his employer about Defendant's illegal payroll practice of not paying overtime wages or keeping accurate records as required by the

FLSA, which was a violation of the FLSA. Plaintiff was also terminated in violation of 29 USC § 215(a)(3), in a retaliatory manner, for opposing such practices.

51.   As a result of Plaintiff's objection(s) to and opposition to such practices, FL HARBOUR WALK, LLC committed retaliatory personnel actions, including the termination of Plaintiff's employment. Plaintiff's termination of employment violated Florida's Whistleblowers Act, Florida Statutes §448.102(3).

52.   As a result of the Defendants' violations of the Whistleblower Act, Plaintiff has suffered damages and incurred in attorneys' fees and costs.

WHEREFORE, Plaintiff demands damages against Defendant FL HARBOUR WALK, LLC, for violation of Florida's Private Sector Whistleblower's Act, including but not limited to all relief available under §448.103 and §448.104, Fla. Stat., including, but not limited to, reinstatement, back and front pay, payment of full benefits, any other compensatory damages allowable at law, attorney's fees, court costs and expenses, and such other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

53.   Plaintiff requests a jury trial on all issues so triable to the extent authorized by law.

Dated: April 12, 2017.                          Respectfully submitted,


**CYNTHIA GONZALEZ P.A.**
4023 North Armenia Ave.
Suite 240
Tampa, Florida 33607
Telephone (813) 333-1322
Fax (866) 593-6771
E-mail: cynthia@wagesdue.com

**s/ Cynthia Gonzalez**
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff

***s/ Luis R. Amadeo***
Luis R. Amadeo
Florida Bar No. 0565865
Attorney for Plaintiff